IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERIC O'BRIEN JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:13-CV-293-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Warden GREGORY McLAUGHLIN, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

Presently pending before the Court are a number of miscellaneous motions filed by Plaintiff. Three of these are motions to compel Defendants to produce certain discovery items or respond to requests for discovery. (ECF Nos. 42, 43, 45.) Furthermore, Plaintiff has filed a motion to extend the time to complete discovery. (ECF No. 49.) Also pending is a motion to appoint counsel. (ECF No. 32.) Plaintiff's "Motion for Order Directing Defendants to Answer Plaintiff's Summons and Complaint" (ECF No. 29) is DISMISSED AS MOOT due to Defendants' Answer (ECF No. 31) which was filed on February 20, 2014.

# DISCUSSION

As to the motion to appoint counsel, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole*

*v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.  Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

In his motions to compel discovery, Plaintiff requests an order from the court directing Defendants to "release the copies of the tapes of the incident to Plaintiff," (Pl.'s First Mot. to Compel 1, ECF No. 42), to "adequately answer interrogatories number 1-25," (Pl.'s Second Mot. to Compel 1, ECF No. 43), and again to release the tapes to Plaintiff (Pl.'s Third Mot. to Compel 1, ECF No. 45).  With regard to the tapes of the incident, Defendants show the Court that the tapes were made available to Plaintiff on at least one occasion, but Plaintiff refused to view the tapes because he instead wished for copies to be made that he could send to others outside the prison, including potential attorneys. (Defs.' Resp. to First and Second Mots. to Compel Ex. D at 9, ECF No. 44-4.) Defendants objected to the release of the video to third parties, as Plaintiff requested, because it "depicts other persons including correctional officers and inmates," and because Fed. R. Civ. P. 34 does not provide for production to third parties as Plaintiff has requested. (*Id*. at 11.)  Defendants also state that they object to the production of copies

2

of the DVDs to Plaintiff because Plaintiff is not permitted to possess a DVD for security reasons. (Defs.' Resp. in Opp'n to Pl.'s First & Second Mots. to Compel 7, ECF No. 44.) It does not appear that the parties have attempted in good faith to resolve their disagreements regarding the scope of discovery of the tapes, and Plaintiff has not certified that such attempts have occurred.

With regard to the documents requested and interrogatories that Plaintiff alleges are inadequately answered, Defendants contend that they have adequately responded to Plaintiff's questions and that Plaintiff has not attempted in good faith to resolve the issue. Instead, Defendants assert, Plaintiff has simply repeated his blanket requests without clarifying or specifying the information sought. (*Id.* at 4.)

The Court finds that Plaintiff has not complied with the requirements of Local Rule 37, which provide that "Motions to compel disclosure or discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action." M.D. Ga. Civ. R. 37. Furthermore, the document requests that Plaintiff seeks are plainly overbroad and Plaintiff has not made any effort to clarify or limit their scope. Therefore, Plaintiff's motions to compel are DENIED.

Plaintiff has also filed a motion to extend the time for discovery. (ECF No. 49.) Plaintiff argues that he needs more time to complete discovery because he is limited in his ability to research legal materials and because "issues with Defendants Attorney" have made him unable to view the tapes of the incident. (Pl.'s Mot. for Extension of Time for Disc. 1-2.) Defendants stated in their response to Plaintiff's Third Motion to

3

Compel that they are willing to make the tape available for viewing. (Defs.' Resp. to Third Mot. to Compel 2, ECF No. 48.) The Court will therefore GRANT Plaintiff an additional thirty (30) days from the date of this Order in which to complete discovery. The parties are hereby ordered to attempt in good faith to reach an agreement as to the proper scope of discovery with regard to the video tapes, taking into account the security issues posed by Plaintiff's possession of a DVD as well as Plaintiff's right to personally view the tapes as well as have the tapes reviewed by outside experts and/or counsel. If the parties cannot reach an agreement on this issue within the new discovery window, the Court will consider any properly filed motions at that time.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff's First, Second, and Third Motions to Compel (ECF Nos. 42, 43, 45) are DENIED. Plaintiff's motion to appoint counsel is also DENIED. Plaintiff's motion for order directing Defendants to answer is DISMISSED AS MOOT. Finally, Plaintiff's motion for extension of time for discovery is GRANTED. Discovery shall be extended for thirty (30) days from the date of this Order so that the Parties may resolve their discovery disputes regarding the video tapes of the incident in question.

SO ORDERED, this 3rd day of June, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE